JAMES C. HAIGH, Acting Deputy Director | Chief Counsel, Bar Number 88533
James.Haigh@dmhc.ca.gov
KYLE C. MONSON, Assistant Chief Counsel, Bar Number 251166
Kyle.Monson@dmhc.ca.gov
HEATHER R. MESSENGER, Attorney III, Bar Number 240442
Heather.Messenger@dmhc.ca.gov
CHRISTOPHER B. LEE, Attorney III, Bar Number 248407
Christopher.Lee@dmhc.ca.gov
CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE
980 9th Street, Suite 500, Sacramento, CA 95814-2725
916-323-0435 – Phone / 916-323-0438 – Fax

Attorneys for the Defendant Michelle Rouillard,
(Erroneously sued and served as "Shelley Rouillard")

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARCUS, M.D., et al., | Case No: 2:19-cv-08057-CJC-AGR |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION TO DISMISS "SECOND AMENDED COMPLAINT"(FRCP 12(b)(1) and 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| SHELLEY ROUILLARD, et al. | |
| Defendants. | (Request for Judicial Notice, and [Proposed] Order filed concurrently herewith) |
| | Date/Time: April 20, 2020 at 1:30 p.m. |
| | Courtroom: 7C |
| | Judge:      Honorable Cormac J. Carney |
| | Trial Date:  tbd |
| | Action filed: September 17, 2019 |
| | Operative Complaint filed March 3, 2020 |

TO THE COURT, PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 20, 2020, or as soon thereafter as this

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

matter may be heard, in Courtroom 7C of the above-entitled court, located at the United States Courthouse, 350 West First Street, Los Angeles, CA 90012, Defendant Michelle Rouillard, erroneously sued and served as "Shelley Rouillard," in her official capacity as the Director of the California Department of Managed Health Care (DMHC), will and hereby does move for an order dismissing the entire action, with prejudice.

The grounds for this Motion under Rule 12(b)(1) are as follows:

1. As to Plaintiff Martello, the Court lacks subject matter jurisdiction because of the application of the <u>Rooker-Feldman</u> doctrine, and because her claims are barred by res judicata/issue preclusion, they are time-barred, and the prior judgments against her are entitled to preclusive effect.

2. As to all three Plaintiffs, the Court lacks subject matter jurisdiction:

    a. Because the Court, as a court of original jurisdiction, may not review prior state court decisions.

    b. Because Plaintiffs failed to allege the existence of a federal question.

The grounds for this Motion under Rule 12(b)(6) are as follows:

1. Plaintiffs failed to state a claim upon which relief may be granted because the Patient Protection and Affordable Care Act (PPACA) and its implementing regulations do not prevent states from prohibiting the practice of balance billing by emergency care providers.

2. Plaintiffs fail to state a claim upon which relief may be granted because the Employee Retirement Income Security Act of 1974 (ERISA) does not preempt California's prohibition on the practice of balance billing by emergency care providers.

3. Plaintiffs fail to state a claim upon which relief may be granted because Plaintiffs failed to adequately plead facts showing an Equal Protection violation.

/ / /

ii

DMHC Matter Number: 19-1249                                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

4.  Plaintiffs fail to state a claim upon which relief may be granted because
    Plaintiffs failed to adequately plead facts showing a First Amendment
    violation.

5.  Plaintiffs fail to state a claim upon which relief may be granted because
    Plaintiffs failed to adequately plead facts showing a Due Process violation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DMHC Matter Number: 19-1249                              Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

Therefore, the DMHC respectfully requests that this Court dismiss the Second Amended Complaint (SAC) with prejudice. The Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by letter both emailed and sent via FedEx overnight on January 10, 2020 and responded to by Plaintiffs' counsel by email, stating that Plaintiffs had and would consider the DMHC's arguments. Counsel for the DMHC also attempted to contact Plaintiffs' counsel by telephone on December 19 and 23, 2019, to schedule a time to meet and confer. Counsel for the DMHC also emailed Plaintiffs' counsel on February 13, 2020, and March 9, 2020, requesting to meet and confer, and identifying the grounds for this Motion. This Motion is based on this Notice, on judicially noticeable matters, on the Memorandum of Points and Authorities in support thereof, on the papers and pleadings on file in this action, the prior action (<u>Martello v. Rouillard, et al.</u>, No. 2:15-cv-01798-CAS 2015 WL 4093770 (C.D. Cal. July 6, 2015), RFJN, Ex. Nos.13,14) and on such oral argument as may be presented at the hearing.

Dated: March 19, 2020

Respectfully submitted,

JAMES C. HAIGH
Acting Deputy Director | Chief Counsel
Office of Enforcement

Dated: March 19, 2020        By:    /s/ _____
Heather R. Messenger, Attorney III
Office of Enforcement
Department of Managed Health Care
Attorneys for Defendants

iv

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ……………………………………………………… 1

A. The parties ………………………………………………………… 1

B. California's balance billing prohibition ………………………… 2

C. Prior legal actions by Martello against the DMHC……………... 3

    1.   The 2010 State Civil Action and Appeal ……………… 3

    2.   Martello's Petition for Writ of Mandate attempting to block the judgment in the State Civil Action…………... 4

    3.   2015 Federal District Action and Ninth Circuit appeal 5

D. The DMHC's civil action against Way……………………………. 6

E. The DMHC's administrative action against Marcus……………. 6

F. The instant Motion to Dismiss …………………………………….. 6

II.  PROCEDURAL HISTORY OF CURRENT ACTION …………………. 7

III. LEGAL STANDARD FOR 12(b) MOTION TO DISMISS ……………. 7

A. Lack of subject matter jurisdiction requires dismissal pursuant to Rule 12(b)(1) ……………………………………………. 7

B. Failure to state a cognizable claim to which relief should be granted is grounds for dismissal pursuant to Rule 12(b)(6)… 8

IV.  ARGUMENT ……………………………………………………………. 10

A. This Court lacks subject matter jurisdiction as to Plaintiff Martello's claims pursuant to the <u>Rooker-Feldman</u> doctrine… 10

    1.   The <u>Rooker-Feldman</u> doctrine is a jurisdictional bar when a federal district court plaintiff seeks review of a state court decision ……………………………………… 10

    2.   Martello lost the action in state court …………………. 11

    3.   Martello complains of injuries caused by the state court judgment …………………………………………….. 11

v

4.    Martello seeks review of, or rejection of, the state
court's judgment ………………………………………… 12
a. Counts I (First Amendment) and II (Due Process).... 12
b. Count II (Equal Protection)……………………….. 12
c. Count IV (PPACA Preemption)…………………… 13
d. Count V (ERISA Preemptio)…………………….. 13
5.    The state court judgments occurred prior to
Martello's current federal claims against Defendants...13
6.    Martello's claims must be dismissed for lack of
subject matter jurisdiction under the <u>Rooker-Feldman</u>
doctrine ………………………………………………… 14
7.    Martello cannot cure this deficiency and should not
be given leave to amend……………………………….. 14
B. *Res Judicata* bars Martello's claims…..………………………. 15
C. As to all three Plaintiffs, the United States District Court, as a
Court of original jurisdiction, lacks subject matter jurisdiction
to review state court decisions.......................................... 17
D. The Court lacks subject matter jurisdiction because Plaintiffs
fail to adequately allege the existence of a federal question
under 28 U.S.C. § 1331…………………………………… 18
1.    The Court lacks subject matter jurisdiction because
the Supremacy Clause of the U.S. Constitution does
not confer and individual right of action……………… 19
2.    The PPACA does not confer an individual right of
action related to preemption or balance billing……… 20
E. The Eleventh Amendment bars any request for relief other than
Prospective declaratory or injunctive relief………………...... 20

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

F. Plaintiffs failed to state a claim because the PPACA does not ban states from prohibiting balance billing............................ 21

   1. Preemption only occurs where Congress intended preemption to occur…………………………………………….. 21

   2. PPACA does not preempt California's prohibition on balance billing……………………………………………... 22

     a. Congress stated expressly that PPACA is not intended to preempt state regulatory authority…… 23

     b. The federal regulations implementing PPACA expressly permit the states to prohibit balance billing…………………………………………………… 23

   3. Because Plaintiffs' PPACA preemption theory fails as a matter of law, Plaintiffs have failed to state a claim to which relief can be granted……………………………… 24

G. Even if this Court had subject matter jurisdiction over Plaintiffs Martello and Way's equal protection claims, Plaintiffs failed to state a claim of discriminatory enforcement………….. 25

H. Even if this Court had subject matter jurisdiction over Plaintiffs' claims, all of Martello's claims for relief are time barred………. 28

I. Plaintiffs cannot allege facts showing that Plaintiffs are Entitled to relief because ERISA does not preempt states from prohibiting balance billing……………………………………. 29

J. Plaintiffs failed to state a claim under the First Amendment, because as a matter of law, the First Amendment does not protect illegal balance-billing practices…………………………... 31

K. Plaintiffs have failed to state a claim for a Due Process violation………………………………………………………………… 32

V.   CONCLUSION………………………………………………………... 33

DMHC Matter Number: 19-1249                              Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

# TABLE OF AUTHORITIES

**CASES**

*Aetna Health Inc. v. Davila*,
542 U.S. 200, 124 S.Ct. 2488 (2004)…………………..………………30

*American Continental Corp./Lincoln Savings & Loan Securities Litigation*,
102 F.3d 1524 (9th Cir. 1996)…………………………………………9

*American Reinsurance Co. v. Insurance Commissioner of the State of Cal.*,
527 F.Supp 444 (C.D. Cal. 1981)…………………….………………..22

*Arizona v. United States*,
567 U.S. 387, 132 S.Ct. 2492 (2012)…………………………………  22

*Armstrong v. Exceptional Child Ctr., Inc.*,
575 U.S. 320, 135 S. Ct. 1378 (2015)…………………………………19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)………………….…………………………………9

*Association of American Medical Colleges v. United States*,
217 F.3d 770 (9th Cir. 2000)…………………..………………………8

*Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*,
398 U.S. 281(1970)……………………………………………………17

*Atlantic Corp. v. Twombly*,
550 U.S. 544(2007)……………………..…………………………… 8, 9

*Barrow v. Hunton*,
99 U.S. (9 Otto) 80 (1878)……………..……………………………..18

*Bianchi v. Rylaarsdam*,
334 F.3d 895 (9th Cir. 2003)……………………………………………14

*Bolger v. Youngs Drug Prod. Corp.*,
463 U.S. 60, 103 S. Ct. 2875 (1983)………...............................……….32

*California Department of Managed Health Care v.*
*Kaiser Foundation Health Plan, Inc.*,
Alameda County Superior Court (Action No. RG19029096)………...27

*Canatella v. Van De Kamp*,
486 F.3d 1128 (2007) ………………………......……………………… 28

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York,*
    447 U.S. 557,100 S. Ct. 2343, 65 L. Ed. 2d 341 (1980).........................32

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,*
    467 U.S. 837(1984)……...………………………………………………..23

*Clark v. Group Hospitalization and Medical Services, Inc.,*
    2010 WL 5093629, (S.D. Cal., Dec. 7, 2010,
    No. 10-CV-333-BEN BLM.)……………………………………………….. 31

*The Committee Concerning Community Improvement v. City of Modesto,*
    583 F.3d 690 (9th Cir. 2009)…………………………………………………25

*Conservation Force v. Salazar,*
    646 F.3d 1240 (9th Cir. 2011)……………………………………………….8

*Cox v. State of Louisiana,*
    379 U.S. 536 (1965)……...…………………………………………………..32

*Doe & Assocs. Law Offices v. Napolitano,*
    252 F.3d 1026 (9th Cir. 2001)……………………………………………….10

*Epic Systems Corp. v. Lewis,*
    138 S.Ct. 1612 (2018)…………………………………………………  23

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
    544 U.S. 280, 125 S.Ct. 1517 (2005)…………………………...10, 11, 12, 14

*Franceschi v. Schwartz,*
    57 F.3d 828 (9th Cir.1995)…………...……………………………………..20

*FMC Corp. v. Holliday*
    498 U.S. 52 (1990)……………………...…………………………………..31

*Freightliner Corp. v. Myrick,*
    514 U.S. 280 (1995)……...…………………………………………………..22

*Hoblock v. Albany County Bd. Of Elections,*
    422 F.3d 77 (2nd Cir. 2005)…………………………………………..  10

*IDK, Inc. v. County of Clark,*
    836 F.2d 1185 (9th Cir. 1988)……………...……………………………...32

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,*
    456 U.S. 694, 102 S.Ct. 2099 (1982)……………………………….…….19

DMHC Matter Number: 19-1249                     Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

*Int'l Union v. Karr,*
    994 F.2d 1426 (9th Cir. 1993)……………………………………...    15

*Johnson v. De Grandy,*
    512 U.S. 997, 114 S. Ct. 2647 (1994)…………………...…………10, 12

*Johnson v. Riverside Healthcare System, L.P.,*
    534 F.3d 1116 (9th Cir. 2008)…………………………………….21

*Kentucky Ass'n of Health Plans, Inc. v. Miller,*
    538 U.S. 329, 123 S.Ct. 1471(2003)………..…………………………30

*Kimel v. Florida Board of Regents,*
    528 U.S. 62 (2000)…………………………………………………20

*Lacey v. Maricopa Cty.*
    693 F.3d 896 (9th Cir. 2012)………….…………………………... 26

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001)…………………..………………………9, 25

*Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,*
    523 U.S. 26 (1998)…………………………………………………… 9

*Manufactured Home Communities Inc. v. City of San Jose,*
    420 F.3d 1022 (9th Cir. 2005)……………………………………. 15

*Marciano v. White,*
    No. CV0903437MMMAJWX, 2009 WL 10680938,
    (C.D. Cal. Nov. 12, 2009), aff'd, 431 F. App'x 611 (9th Cir. 2011)…… 11

*Martello v. Rouillard,*
    689 Fed. Appx. 880 (9th Cir. 2017)………………………………….. 14

*Martello v. Rouillard,*
    No. 2:15-cv-01798-CAS 2015 WL 4093770 (C.D. Cal. July 6, 2015)… 14

*McCarthy v. United States,*
    850 F.2d 558 (9th Cir. 1988) …………………………………….. 8

*McKay v. Pheil,*
    827 F.2d 540 (9th Cir. 1987)…………..…………………………18

*Medtronic, Inc. v. Lohr,*
    518 U.S. 470 (1996)…………………………………….………21, 22

x

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

*Morongo Band of Mission Indians v. California State Board of Equalization,*
    858 F.2d 1376 (9th Cir. 1988)……………………..………………….....19

*Moss v. United States Secret Service,*
    572 F.3d 962 (9ᵗʰ Cir. 2009)…………..…………………………………9

*Mpoyo v. Litton Electro-Optical Sys.,*
    430 F.3d 985 (9th Cir. 2005)…………..……………………..…15

*Nationwide Biweekly Admin., Inc. v. Owen,*
    873 F.3d 716 (9th Cir. 2017)…….....…………………………………  32

*New York State Conference of Blue Cross & Blue Shield Plans v.*
*Travelers Ins. Co.,*
    514 U.S. 645 (1995)…………….……………………………………21

*Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 98 S.Ct. 1912(1978.)  …….. 32

*Owens v. Kaiser Found. Health Plan, Inc.,*
    244 F.3d 708 (9th Cir. 2001)...…………………………………… 15

*Noel v. Hall,*
    341 F.3d 1148 (9th Cir. 2003)……………………………………… 11

*Papasan v. Allain,*
    478 U.S. 265 (1986)……………….…..…………………………20

*Pareto v. F.D.I.C.,*
    139 F.3d 696 (9ᵗʰ Cir. 1998)…………..…………………….......9

*Paul v. Davis*, 424 U.S. 693 (1976)…………………………………  33

*Pouncil v. Tilton*,
    704 F3d 568 (9ᵗʰ Cir. 2016)...……………………………….......29

*Pennhurst State School & Hosp. v. Halderman,*
    465 U.S. 89 (1984)……………….…..…………………………20

*People of the State of California v Prime Healthcare Services, Inc.,*
    No. 30-2008-00108627, 2010 WL 6813669
    (Cal.Super. Feb. 09, 2010)…………………………………27

*Pittsburgh Press Co. v. Human Relations Comm'n*,
    413 U.S. 376……………………………………………… 32

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

*Prospect Med. Grp. v. Northridge Emergency Med. Grp.,*
45 Cal.4th 497, 87 Cal.Rptr.3d 299 (2009)……………..…...1, 2, 3, 30, 31, 32

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,*
506 U.S. 139 (1993)……………...………………………………………20

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*,
754 F.3d 754, (9th Cir. 2014)………………………………………………6

*Rosenbaum v. City & Cty. of S.F.,*
484 F.3d 1142, (9th Cir. 2007)………………………………………… 26

*Sarkisyan v. CIGNA Healthcare of Cal.,*
613 F.Supp.2d 1199 (C.D.Cal.2009)………………………………………..30

*Savage v. Glendale Union High School,*
343 F.3d 1036 (9th Cir. 2003)……………………………………………… 8

*Sopcak v. North Mountain Helicopter Service,*
52 F.3d 817 (9th Cir. 1995)………………………………………………… 8

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2001)………………………………………………9

*Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.,*
783 F.2d 848 (9th Cir. 1986)………………………………………………15

*T.B. Harms Co v. Eliscu,*
226 F.Supp. 337 (S.D.N.Y. 1964), *aff'd*
339 F.2d 823 (2d Cir. 1964)…………………………………………… 8

*United States v. Aguilar*,
883 F.2d 662 (9th Cir. 1989),
cert denied, 498 U.S. 1046, 111 S.Ct. 751 (1991)……………………… 26

*U.S. v. Mead Corp.,*
533 U.S. 218, 121 S.Ct 2164 (2001)…………………...……………………24

*Verlinden B.V. v. Central Bank of Nigeria,*
461 U.S. 480, 103 S.Ct. 1962 (1983)………………………………………19

*Virginia Pharmacy Board v. Virginia Consumer Council*, 425 U.S. 748…….. 32

*Western Mining Council v. Watt,*
643 F.2d 618 (9th Cir. 1981)…………………………………………………9

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

*Will v. Michigan Dept. of State Police,*
    491 U.S. 58 (1989)………………………………………………………21

*Worldwide Church of God v. McNair,*
    805 F.2d 888 (9th Cir. 1986) ……….…………………………………11

*Younger v. Harris,*
    401 U.S. 37 (1971)………………………………………………………5

**FEDERAL STATUTES AND RULES**

UNITED STATES CODE

    15 U.S.C., §§ 1011 to 1015………………………………………….. 22

    28 U.S.C. § 1257…………………………………………………....... 10

    28 U.S.C. § 1331…………………………………………..…………6, 18, 19

    29 U.S.C. § 1001, et seq.………………………………………………. 3

    29 U.S.C., § 1144, subd. (a)…………………………………………… 29

    29 U.S.C. § 1144, subd. (b)(2)(A)……………..……………………..   7, 29, 30

    42 U.S.C., § 300gg-92……………………………………………….…24

    42 U.S.C. § 18041, subd. (d)……………………………….…………. 23

    42 U.S.C. § 18116………………………………………………………. 20


UNITED STATES CONSTITUTION

    Article III, § 2…………………………………………………..... 19

FEDERAL RULES OF CIVIL PROCEDURE

    Rule 12, subd. (b)(1)……………………………………….…… 6, 7, 8, 18, 33

    Rule 12, subd. (b)(6)………………………………………...7, 8, 9, 25, 32, 33, 34

FEDERAL RULES OF EVIDENCE

    Rule 201…………………………………………………………..…. 9

FEDREAL REGULATIONS

    80 Fed. Reg. 72, 213 (Nov. 18, 2015)…………………………………... 23

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

CALIFORNIA CODE OF CIVIL PROCEDURE

§ 426.30……………………………………………………………….. 12

§ 1094.5………………………………………………………………. 33

CALIFORNIA HEALTH AND SAFETY CODE

§ 1340…………………………………………………………........ 1, 30

§ 1341, subd. (a)………………………………………………….... 1, 30

§ 1342…………………………………………………………......... 30

§ 1342, subd. (d)…………………………………………………… 1

§ 1343…………………………………………………………......... 30

§ 1343, subd. (a)…………………………………………………… 30

§ 1349…………………………………………………………......... 30

§ 1375.1, subd. (a)(2)……………………………………………… 30

TITLE 28, CALIFORNIA CODE OF REGULATIONS

§ 1300.71.39………………………………………………………... 2

OTHER AUTHORITIES

*Rooker–Feldman* doctrine…………………………5, 6, 10, 11, 12, 13, 14, 15

*Connecticut General Statutes Annotated,*

§ 20-7f, subd. (b)………………………………………………… 24

*Florida Statutes Annotated,*

§ 627.64194, subd. (5)…………………………………………… 24

*Illinois Compiled Statutes,*

Chapter 215, § 134/65, subd. (g)…………………………….. 24

*New Hampshire Rev. Stat.,*

§ 329:31-b, I……………………………………………………… 24

*New Jersey Statutes,*

§ 26:2SS-7, subd. (a)…………………………………………..... 24

*New York Financial Services Law,*

§§ 602, subd. (b)(2), 606……………………………………….. 24

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

*Oregon Revised Statutes,*

  § 743B.287, subd. (2)……………………………………………… 24

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This case must be dismissed because this Court lacks subject matter jurisdiction to hear the alleged claims of all Plaintiffs, and Plaintiffs have failed to state any cognizable claims upon which relief may be granted. All of the facts pertaining to Plaintiff Jeannette Martello, M.D. (Martello) stem from the same nucleus of operative facts as the allegations raised by Martello in other unsuccessful lawsuits she filed against the Defendants. The SAC asks this Court to grant declaratory and injunctive relief only, but, as explained below, the actual relief requested cannot be granted without disturbing prior judgments entered against Martello.

### A. The Parties

Defendant, Michelle Rouillard, erroneously sued and served as "Shelley Rouillard" (Director), is the Director of the State of California's Department of Managed Health Care (DMHC). The Director is charged by law with executing the Knox-Keene Health Care Service Plan Act of 1975 (Knox-Keene Act) (Cal. Health & Saf. Code, § 1340, et seq.), as amended, to "protect and promote the interests of enrollees." Cal. Health & Saf. Code, § 1341, subd. (a). In enacting the Knox-Keene Act, the California Legislature expressed its intent that the Director help "ensure the best possible health care for the public at the lowest possible cost by transferring the financial risk of health care from patients to providers." Cal. Health & Saf. Code, § 1342, subd. (d).

The DMHC is charged with the execution of the laws relating to health care service plans and the health care service plan business in California, including the Knox-Keene Act, and its associated regulations at Title 28 of the California Code of Regulations, which includes California's prohibition on balance billing. Prospect Medical Group v. Northridge Emergency Medical Group, 45 Cal.4th 497, 501-502, 87 Cal. Rptr. 3d 299, 300-302 (Cal. 2009)).

The SAC alleges that Plaintiffs Jeannette Martello, M.D. (Martello), Nancy Way, M.D. (Way), and Daniel Marcus, M.D. (Marcus), (collectively, Plaintiffs) are

1

DMHC Matter Number: 19-1249                              Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

practicing physicians who assert they have a "legitimate claim of entitlement to balance bill enrollees" and seek to challenge California's balance billing laws. (SAC, ¶¶102,103.) Martello, who is labeled a "vexatious litigant," by the California courts, has sued the DMHC and the Medical Board repeatedly since 2010, unsuccessfully challenging not only California's balance billing laws, but also the DMHC and the Medical Board's enforcement actions against her, arising out of her blatant violation of California's prohibition against balance billing. (DMHC's Request for Judicial Notice (RFJN), Ex. 16; Case Management/Electronic Case File entry (ECF) 1[Complaint], ¶22).); See also, Cal. Code Civ. Proc. § 391.7, subd. (a).

## B. California's Balance Billing Prohibition

In the health care industry, "balance billing" is the practice by health care providers of billing individuals covered by health care service plans (commonly thought of as 'insurance') for the difference between the amount paid by the health insurance company and what the provider charges. Prospect, 45 Cal.4th at 501-502. In Prospect Medical Group v. Northridge Emergency Group, the California Supreme Court thoroughly reviewed California's Knox-Keene Act and unanimously concluded that balance billing of health plan enrollees by out-of-network providers of emergency services is not permitted.[1] Id. at 501-502. The Prospect court reasoned that the Knox-Keene Act reflected the Legislature's intent to require health plans to pay a reasonable amount to providers of emergency services, and to remove enrollees from any billing disputes. Id. at 507. The Prospect court also noted that, under state law, providers who are dissatisfied with the amounts paid to them can sue that health plan. Id. at 505; see also Cal. Code Regs., tit. 28, § 1300.71.39 (2016).

/ / /

---

[1] Balance billing may also occur by out-of-network medical providers who are not providing emergency services. However, for literary efficiency, balance billing as used herein, refers to balance billing in the emergency services context only.

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

Prospect recognizes that California's prohibition on balance billing reflects the Legislature's policy decision to limit health plan enrollee liability to only premiums and cost-sharing (i.e., co-payments, co-insurance and deductibles) for emergency services. Id. at 501-502. It is thus the policy of California that amounts in excess of the enrollee's liability be borne by either the health plan or the provider of the emergency health care service. Ibid.

### C. Prior legal actions by Martello against the DMHC

This is not the first time this matter has been before this Court. The DMHC filed an action against Martello seeking to enforce California's balance billing laws in 2013. Plaintiff Martello has since filed multiple actions against the DMHC in various courts (including the Central District) challenging California's prohibition on balance billing.

### 1. The 2010 State Civil Action and Appeal

In December 2010, the DMHC issued a Cease and Desist Order against Martello, directing her to cease and desist from balance billing. (RFJN, Ex. 15.) When Martello refused to comply with the order, the DMHC filed a civil action in Los Angeles Superior Court against Martello, on July 11, 2013 (State Civil Action), seeking an injunction and civil penalties. (DMHC Request for Judicial Notice, Exhibit (RFJN, Ex. 1.) On November 15, 2013, following an eight-day trial, the court entered judgment (amended on July 23, 2014) against Martello consisting of $562,500 in civil penalties, and also granted a permanent injunction barring Martello and her medical corporation from balance billing in the future. (RFJN, Ex. 2 and 3.)

Martello subsequently appealed the judgment and injunction to the California Court of Appeal arguing, among other things, that the PPACA and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA), preempted application of the California prohibition against balance billing. (RFJN, Ex. 4.) On May 12, 2016, the Court of Appeal upheld the judgment and specifically held that neither the PPACA, nor the ERISA preempted

3

DMHC Matter Number: 19-1249                          Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

California's prohibition against balance billing. (RFJN, Ex. 4.) Martello's petition
to the California Supreme Court for review was denied. (RFJN, Ex. 5.)

### 2. Martello's Petition for Writ of Mandate attempting to block the judgment in the State Civil Action.

On September 3, 2013, two months prior to the completion of the trial in the
State Civil Action, in the Los Angeles County Superior Court, Martello filed a civil
complaint and petition for writ of mandate (Martello's Writ Action). (RFJN, Ex. 6.)
Martello alleged that PPACA preempted California's balance billing laws and
alleged that the DMHC's enforcement of balance billing laws against her was
discriminatory. (RFJN, Ex. 6, pp. 15:22-24, 45-46.) Martello amended this action
on September 26, 2013, purporting to change the name of the case and
changing the defendants to the Los Angeles County Superior Court, and a
Superior Court judge as defendants. (RFJN, Ex. 7.) Martello alleged that PPACA
preempted California's balance billing laws, and that the DMHC's enforcement of
the balance billing laws against her was discriminatory because she was a
Hispanic female. (RFJN, Ex. 7, pp. 9-10, 18-19, 23-24, 24-29).

Martello again amended this action on February 27, 2014 (the Second
Amended Petition) again purporting to change the name of the case, and naming
the DMHC and the Medical Board as Defendants. (RFJN, Ex. 8.)

The Second Amended Petition asserted a cause of action for "discriminatory
enforcement," alleging the DMHC and the Medical Board had enforced
California's balance billing prohibition against Martello, because Martello was
Hispanic and female. (RFJN Ex 8, ¶¶ 4, 5, 8, 39-48.) Martello further alleged the
DMHC violated the Equal Protection Clause, and challenged the State Civil
Action by alleging that California's balance billing prohibition was preempted by
the PPACA, and sought to enjoin any further balance billing enforcement by the
DMHC, including dismissal of the State Civil Action. (RFJN, Ex. 8, ¶¶1-7.)

On September 30, 2019, the Superior Court sustained the DMHC's demurrer
to the Second Amended Petition, and ordered that the Second Amended Petition

DMHC Matter Number: 19-1249                              Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

1  be dismissed with prejudice (Judgment was entered October 22, 2014). (RFJN,

2  Ex. 9.)

3      Martello appealed the Superior Court's ruling on the Second Amended

4  Petition to the California Court of Appeal, arguing primarily that the PPACA

5  preempted California's balance billing prohibition. (RFJN, Ex. 10.) The Court of

6  Appeal affirmed the Superior Court's ruling on July 12, 2017, and modified its

7  opinion on June 30, 2017. (RFJN, Ex. 10 and 11.) The Court of Appeal

8  concluded that as to DMHC, the court lacked jurisdiction to hear the matter

9  because it would have required vacating the then-pending State Civil Action and

10  affirmed that the PPACA did not preempt California's balance billing prohibition.

11  (RFJN, Ex. 10, pp. 14, 16-17.)

### 3. 2015 Federal District Action and Ninth Circuit appeal.

12      Following the trial court's judgment in the State Civil Action, Martello filed a

13  federal action before the United States District Court for the Central District of

14  California (2015 District Court Action), against the DMHC and the Medical Board,

15  alleging that the DMHC's enforcement of the prohibition on balance billing

16  violated the Supremacy Clause. (RFJN, Ex. 12, p.19.) Martello sought

17  declaratory relief specifying that California's balance billing prohibition was

18  preempted by the PPACA and the ERISA. (RFJN, Ex. 12, p. 2, lines 9-14, 24-26,

19  p. 3, lines 1-2, ¶¶12, 23, 68-72.) Martello also sought a permanent injunction

20  enjoining the DMHC from enforcing California's laws prohibiting balance billing.

21  (RFJN, Ex. 12, ¶¶ 21, 23, 88 and Ex. 13, p.1.)

22      The DMHC and the Medical Board each filed Motions to Dismiss, which were

23  granted by the District Court. (RFJN, Ex. 13, pp. 11-13.) The District Court

24  granted the Motions to Dismiss on the grounds that it lacked jurisdiction pursuant

25  to the Rooker-Feldman doctrine. (RFJN, Ex. 13, pp. 11-14.) In the alternative, the

26  District Court stated that it would also have granted the Motions to Dismiss based

27

28

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

on the <u>Younger</u> abstention doctrine,[2] and as a second alternative, would have
granted the Motions to Dismiss for the plaintiff's failure to state a claim, as
Martello's right of action arose out of the Supremacy Clause of the United States
Constitution. (RFJN, Ex. 13, p. 13.)

After an unsuccessful request for reconsideration to the District Court, Martello
filed an appeal with the United States Court of Appeals for the Ninth Circuit.
(RFJN, Ex. 14.) On April 25, 2017, the Ninth Circuit affirmed the District Court's
dismissal, stating "the federal action would have the practical effect of enjoining
the state proceedings," and "Martello failed to state any grounds warranting
relief." (RFJN, Ex. 14, p. 2.)

### D. The DMHC's civil action against Way.

On August 2, 2018, the DMHC sued Way, in Orange County Superior
Court, seeking civil penalties and an injunctive relief to prevent her from further
balance billing, and to comply with an administrative order to cease and desist.
(RFJN, Ex. 17.) The DMHC and Way entered into a settlement agreement on
June 13, 2019, and the case was dismissed on October 25, 2019. (RFJN, Ex. 18
and 19.)

### E. The DMHC's administrative action against Marcus.

On May 22, 2018, the DMHC filed an administrative Cease and Desist
Order against Marcus, ordering him to cease from balance billing for emergency
services. (RFJN, Ex. 20.)

### F. The instant motion to dismiss.

The DMHC filed the instant motion to dismiss based on Federal Rules of Civil
Procedure 12(b)(1), for lack of subject matter jurisdiction because the <u>Rooker-
Feldman</u> doctrine acts as a jurisdictional bar against Plaintiff Martello from
seeking review of state court judgments in federal court. Martello's claims are
also barred by res judicata. The court further lacks subject matter jurisdiction as

---

[2] <u>Younger v. Harris</u>, 401 U.S. 37 (1971) precludes federal courts from
enjoining ongoing state criminal and certain state civil proceedings. <u>ReadyLink
Healthcare, Inc. v. State Comp. Ins. Fund</u>, 754 F.3d 754, 759 (9th Cir. 2014).

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

to all three Plaintiffs because they failed to state a federal question under 28 U.S.C. § 1331. Under this statute, because all of the alleged claims have already been resolved in California's courts, they cannot be reviewed by a federal court of original jurisdiction. Plaintiffs further lack subject matter jurisdiction because they have failed to state a federal question. Because there is no individual right of action under the United States Constitution's Supremacy Clause, or relevant rights of action under the PPACA or the ERISA, the Plaintiffs cannot state facts sufficient to establish federal question jurisdiction.

The DMHC brings the instant Rule 12(b)(6) motion for failure to state a cognizable legal theory underpinning a claim to which relief can be granted because neither the PPACA nor the ERISA preempt California's balance billing prohibition. The federal regulations implementing the PPACA expressly permit states to prohibit balance billing. The ERISA does not preempt state law governing the regulation of health insurance--including California's prohibition on balance billing--for fully insured health plans licensed by the state. See 29 U.S.C. §1144(b), creating an exception to ERISA preemption. Martello and Way have not stated a claim for violation of the Equal Protection Clause, and none of the Plaintiffs can state a claim for a First Amendment violation, or a Due Process Clause violation. All of Martello's claims are time barred.

The viability of all Plaintiffs' claims can be decided as a matter of law and all of the claims should be dismissed with prejudice and without further leave to amend.

## II.    PROCEDURAL HISTORY OF CURRENT ACTION

Plaintiffs Marcus and Way joined Martello in filing the instant action on September 17, 2019. (ECF No. 1 [Complaint].) On January 17, 2020, the DMHC and the Medical Board both filed Motions to Dismiss. On February 7, 2020, Plaintiffs filed the FAC. (ECF No. 25.) Also on February 7, 2020, Plaintiffs filed a subsequent amended complaint. (ECF No. 26.) On February 10, 2020, the Court rejected ECF No. 26, stating that Plaintiffs required leave of court to amend again. On March 3, 2020, Plaintiffs filed a new SAC. (ECF No. 33.)

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

## III.    LEGAL STANDARD FOR 12(b) MOTION TO DISMISS

### A. Lack of subject matter jurisdiction requires dismissal pursuant to Rule 12(b)(1).

A Motion to Dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1), raises the objection that the court has no subject matter jurisdiction to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) ("In considering the plea for lack of jurisdiction, the formal allegations must yield to the substance of the claim."). A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). Therefore, when considering a Rule 12(b)(1) Motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a Rule 12(b)(1) Motion is on the party asserting jurisdiction. Sopcak v. North Mountain Helicopter Service, 52 F.3d 817, 818 (9th Cir. 1995); Association of American Medical Colleges v. United States, 217 F.3d 770, 778-779 (9th Cir. 2000).

### B. Failure to state a cognizable claim to which relief should be granted is grounds for dismissal pursuant to Rule 12(b)(6).

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the claims asserted in a complaint. Under Rule 12(b)(6), a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

8

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a Motion for Summary Judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Continental Corp./Lincoln Savings & Loan Securities Litigation, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially

DMHC Matter Number: 19-1249                                Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

noticed pursuant to Federal Rule of Evidence 201. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

## IV.    ARGUMENT

### A. This Court lacks subject matter jurisdiction as to Plaintiff Martello's claims pursuant to the <u>Rooker-Feldman</u> doctrine.

Martello has had her day in court. The <u>Rooker-Feldman</u> doctrine bars plaintiffs from seeking review of state court judgments in a federal District Court. <u>Doe & Assocs. Law Offices v. Napolitano</u>, 252 F.3d 1026, 2013 (9th Cir. 2001). The <u>Rooker-Feldman</u> doctrine applies in this case because the true relief sought by Martello (the ability to balance bill), cannot be granted to her without overturning the permanent injunction entered by the Los Angeles Superior Court, and upheld by the California Court of Appeals and the California Supreme Court. Because the <u>Rooker Feldman</u> doctrine applies in this matter, this court lacks subject matter jurisdiction to hear this case.

### 1. The <u>Rooker-Feldman</u> doctrine is a jurisdictional bar when a federal district court plaintiff seeks review of a state court decision.

The <u>Rooker-Feldman</u> doctrine bars plaintiffs from seeking review of state court judgments in federal court. Federal jurisdiction to review state court judgments is vested exclusively in the U.S. Supreme Court (28 U.S.C. § 1257).

The elements of the <u>Rooker-Feldman</u> doctrine are that (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff seeks review of, or rejection of, the state court's judgment; and (4) the state court judgment occurred prior to the plaintiff's federal lawsuit. <u>Hoblock v. Albany County Bd. Of Elections</u>, 422 F.3d 77, 85 (2nd Cir. 2005).

The <u>Rooker-Feldman</u> doctrine includes adjudication of matters "inextricably intertwined" with the matters adjudicated in the state court, even if such matters are federal in nature. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292-293, 125 S.Ct. 1517, 1527(2005); <u>Johnson v. De Grandy</u>, 512 U.S. 997,

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

1003, 114 S. Ct. 2647, 2653, 129 L. Ed. 2d 775 (1994). Where the <u>Rooker-
Feldman</u> doctrine applies, the court lacks subject matter jurisdiction. <u>Exxon Mobil
Corp. v. Saudi Basic Indus. Corp.</u>, supra, 544 U.S. at 293, 125 S.Ct. at 1527. "A
federal district court dealing with a suit that is, in part, a forbidden de
facto appeal from a judicial decision of a state court must refuse to hear the
forbidden appeal." <u>Noel v. Hall</u>, 341 F.3d 1148, 1158 (9th Cir. 2003).

The application of the <u>Rooker-Feldman</u> doctrine depends on the nature of
relief sought by the plaintiff. Where the relief sought by a plaintiff cannot be
granted without "undoing" the decision of the state court, the <u>Rooker-Feldman</u>
doctrine bars the claim. <u>Marciano v. White</u>, No. CV0903437MMMAJWX, 2009
WL 10680938, at *7 (C.D. Cal. Nov. 12, 2009), aff'd, 431 F. App'x 611 (9th Cir.
2011) (RFJN, Ex. 24.)

"[The <u>Rooker-Feldman</u>] doctrine applies even when the challenge to the
state court decision involves federal constitutional issues." <u>Worldwide Church of
God v. McNair</u>, 805 F.2d 888, 891 (9th Cir. 1986) (citing <u>District of Columbia
Court of Appeals v. Feldman</u>, 460 U.S. 462, 484-86, 103 S.Ct. 1316 (1983).) In
<u>Worldwide Church of God v. McNair</u>, the Court held that it lacked authority to
review the state court's verdict and judgment, even though the plaintiffs had filed
a 42 U.S.C. § 1983 action seeking injunctive relief and declaratory relief. 805
F.2d 888 (9th Cir. 1986).

### 2. Martello lost the actions in state court.

Martello lost in the State Civil Action. (RFJN, Ex. 2, 3, 4; ECF No. 1, ¶¶13-18.)
Martello's Writ Action raising claims of Equal Protection, and federal preemption,
was dismissed on demurrer. (RFJN, Ex 8, ¶¶ 4, 5, 8, 39-48, Ex. 9.)

### 3. Martello complains of injuries caused by the state court judgment.

Every injury pleaded by Martello in the SAC stems directly from the State
Civil Action, and Martello's Writ Action. Martello does not assert any injury
unrelated to (1) her desire to balance bill, (2) the DMHC's Cease and Desist
Order against Martello, (3) the DMHC's judgment for a $562,500 civil penalty and

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

a permanent injunction, which Martello has already challenged in the State Civil
Action, (4) Martello's Writ Action, or (5) the 2015 Federal District Court Action.

Every injury alleged is either a matter directly adjudicated in state court, or
"inextricably intertwined" with the matters adjudicated in the state court, even if
such matters are federal in nature, and thus trigger the <u>Rooker-Feldman</u>
<u>Doctrine</u>. See <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292-
293, 125 S.Ct. 1517, 1527(2005); <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1003,
114 S. Ct. 2647, 2653, 129 L. Ed. 2d 775 (1994).

### 4. Martello seeks review of, or rejection of, the state courts' judgments.

The only way for Martello to obtain her requested relief is for this Court to
determine that the state court erred as a matter of law. Martello's primary
complaint is that she lacks the ability to balance bill. Even if the DMHC were to
be enjoined from enforcing California's balance billing prohibition, Martello would
remain the subject of the permanent injunction. Thus, she can only obtain her
requested relief if the prior judgments are set aside.

### a. Counts I (First Amendment) and II (Due Process)

Counts I and II stem from the same nucleus of operative facts as all other
claims, and thus were compulsory cross-claims that she could only have raised
in the State Civil Action. Cal. Code Civ. Proc., § 426.30. These claims require the
Court to hold that the prior judgments against Martello violated her First
Amendment rights and Due Process rights. She could only obtain relief if the
permanent injunction was set aside.

### b. Count III (Equal Protection)

All facts underlying Count III, alleging a 42 U.S.C. § 1983 claim for violation of
Way's Equal Protection rights were raised by Martello in prior actions. In
Martello's Writ Action, she claimed the DMHC violated her Equal Protection
rights when it sued her for violating its cease and desist order regarding balance
billing. (RFJN, Ex. 8 [second amended writ petition], pp.9-10.) The Superior
Court entered judgment for the DMHC. (RFJN, Ex. 9 [Order sustaining demurrer

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

and noting Martello filed no opposition, and had "raised the same issues and
sued the same parties in two other pending cases.")

### c. Count IV (PPACA Preemption)

Martello's arguments that PPACA preempts California's balance billing
prohibition failed in prior actions. The Court of Appeals held, "We agree with the
Department and the Board that this contention is incorrect and therefore the trial
court properly sustained their demurrers to this cause of action." (RFJN, Ex. 10,
p. 15.) "We find no support for [Martello's] claim that California's prohibition
against balance billing in the emergency services context is preempted by federal
law." (RFJN, Ex. 10, p. 10.)

### d. Count V (ERISA Preemption)

As with Count IV, the facts underlying Count V, the claim that California's
balance billing prohibition is preempted by ERISA, were raised by Martello in
other lawsuits and rejected by the court. "The ERISA and PPACA cases cited by
Appellant do not support her position as none address the issue of balance billing
by a provider." (RFJN, Ex. 10, p. 9.)

The pleading in paragraph 100 of the SAC, which states that Plaintiffs do not
seek to reverse any prior judgments entered against them, and seek only
prospective relief does not allow Martello to dodge the <u>Rooker-Feldman</u> doctrine.
Plaintiffs may state they are not seeking to challenge the state court judgment,
but all of the issues pleaded by Martello are "inextricably intertwined" with the
state court judgment, and are not independent of the state civil action. Even
when viewed in a light most favorable to Plaintiffs, the SAC does not allege facts,
pertaining to injury to Martello, that can be understood as resulting from anything
other than Defendants' prior civil actions or final judgments entered against
Martello.

### 5. The state court judgments occurred prior to Martello's current federal claims against Defendants.

The <u>Rooker-Feldman</u> doctrine bars all of Martello's claims because the state
court judgments occurred prior to Martello's current federal lawsuit. The judgment

DMHC Matter Number: 19-1249                              Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

on Martello's Writ Action was entered on October 22, 2014, and was affirmed by the California Court of Appeals on June 30, 2017. (RFJN, Ex. 9-11.) The Superior Court's judgment in the State Civil Action was entered on November 15, 2013, and amended on July 23, 2014. (RFJN, Ex. 2 and 3.) The instant federal lawsuit was filed on September 17, 2019. (ECF No. 1 [Complaint], p. 1.)

### 6. Martello's claims must be dismissed for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine.

As this Court previously held (in a decision upheld by the Ninth Circuit), if Martello's requested relief was granted, the DMHC would be enjoined from enforcing the prohibition on balance billing and it would completely undercut the ruling in the State Court Action, effectively invalidating the state court judgment and would result in the District Court "impermissibly act[ing] as an appellate court reviewing state court judgments." <u>Martello v. Rouillard</u>, No. 2:15-cv-01798-CAS 2015 WL 4093770 (C.D. Cal. July 6, 2015); <u>Martello v. Rouillard</u>, 689 Fed. Appx. 880 (9th Cir. 2017). This is precisely the outcome the <u>Rooker-Feldman</u> doctrine sought to avoid. <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 900-901(9th Cir. 2003). As such, because the Federal issues raised by Martello – whether balance billing is prohibited by the ERISA, PPACA, or the United States Constitution – underpin the state court judgment, they are an inseparable part of the State Court Action. The District Court and the Ninth Circuit both previously applied the <u>Rooker-Feldman</u> doctrine and correctly determined that jurisdiction was improper in a case in which Martello raised claims that were nearly identical to the ones she raises here. <u>Martello v. Rouillard</u>, No. 2:15-cv-01798-CAS 2015 WL 4093770 (C.D. Cal. July 6, 2015); <u>Martello v. Rouillard</u>, 689 Fed. Appx. 880 (9th Cir. 2017), (RFJN, Exs. 13, 14.) The <u>Rooker-Feldman</u> doctrine applies in this case, and this Court lacks subject matter jurisdiction over Martello's claims. Thus, the Court must dismiss Plaintiff Martello's claims for lack of subject matter jurisdiction. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, supra, 544 U.S. at 293, 125 S.Ct. at 1527.

/ / /

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

### 7. Martello cannot cure this deficiency and should not be given leave to amend.

Martello should not be given leave to amend, because there is no set of facts she can plead that can defeat application of the Rooker-Feldman Doctrine. The SAC offers a few legal theories based on the same facts (e.g. the Due Process and First Amendment allegation), but does not allege any new facts, stemming from any series of events other than Defendants' state court enforcement actions for illegal balance billing.

### B. *Res Judicata* bars Martello's claims.

Res Judicata bars all of Martello's claims, because the claims all arose from the same nucleus of operative facts. Under the doctrine of res judicata, a final judgment on the merits in a prior suit precludes the parties or their privies from re-litigating the issues that were or could have been raised in that action. Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005). Res judicata bars not only all claims that were actually litigated, but also all claims that could have been asserted in the prior suit. Int'l Union v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993).

Res judicata applies when an earlier suit (1) involved the same 'claim' or cause of action, (2) reached a final judgment on the merits, and (3) involved the same parties or privies. Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). Whether the two suits involve the same claim or cause of action requires consideration of four criteria: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. Id.; accord Int'l Union, 994 F.2d at 1429. The most important, and often outcome determinative, factor is whether the two suits arise from the same transactional

15

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

nucleus of facts. See Mpoyo, 430 F.3d at 988; Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001); Int'l Union, 994 F.2d at 1429.

The violation of one of a plaintiff's primary rights gives rise to only one claim for relief. Manufactured Home Communities, 420 F.3d at 1031; Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist., 783 F.2d 848, 851 (9th Cir. 1986). Claims not raised in this single cause of action may not be raised at a later date. Manufactured Home Communities, 420 F.3d at 1031. Moreover, different theories of recovery are not different primary rights. Id. at 1032. For example, by invoking Section 1983 in federal court, after pursuing a writ of mandamus in state court, one merely presents a new legal theory of recovery. Takahashi, 783 F.2d at 851.

All the factors necessary for the application of res judicata precluding Martello's pursuit of her claims for relief in this case are present. First, the State Civil Action, the Writ Action, the 2015 Federal District Court Action, and this complaint involve Martello as a plaintiff and the DMHC as a defendant. (See RJN, Ex. 2, 8, 12.) Second, both the State Court Action and Martello's Writ Action resulted in final judgments on the merits. (See id.) The lawsuits involve the same causes of action or claims for relief, and the same primary rights. They contain the same nucleus of operative facts. They contain almost the identical factual allegations. This action and Martello's Writ Action arise from the same primary right: Martello's claimed right to be free of the State's enforcement of California's balance billing prohibition.

The State Civil Action similarly involved the same primary rights asserted by Martello regarding the State's ability to enforce its balance billing prohibition against her, in addition to the primary rights of Californians, not to be balance billed by Martello. Martello raised the same legal claims as defenses, the claims were compulsory cross-claims per California Code of Civil Procedure, section 426.30, subdivision (a), and the claims were fully considered and rejected by the

16

DMHC Matter Number: 19-1249                Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

Court of Appeals. (RFJN, Ex. 4, pp. 11, 13 (holding at p. 11, "we find no support for [Martello's] claim that California's prohibition against balance billing in the emergency services context is preempted by federal law," and at p. 13, "[w]e find no merit to Appellant's remaining arguments.") Martello cites substantially the same evidence to support all of her claims in every lawsuit. The SAC states, "Dr. Way, Dr. Marcus and Dr. Martello have each suffered actual injuries as a result of the challenged conduct by the DMHC. . . . These injuries will be redressed by a favorable decision from the Federal Court." (ECF No. 33, ¶ 89.) Thus, Plaintiffs expressly request the Court redress the DMHC's enforcement actions against them.

Because Martello raises the same underlying facts against the same parties, and is premised on the incorrect legal assertion that California's balance billing prohibition is preempted by federal law, as Martello asserted in her previous lawsuits by Martello against the DMHC, Martello's claims are barred by res judicata.

### C. As to all three Plaintiffs, the United States District Court, as a court of original jurisdiction, lacks subject matter jurisdiction to review state court decisions.

Federal district courts, as courts of *original* jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts. Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state court decisions."). An examination of Plaintiffs' claims reveals that they are attempting to obtain federal review of a state court judgment. The relief sought is a declaration from the Court "to specify that California's conflicting balance billing prohibition is preempted under, and violates, the Supremacy Clause of the U.S. Constitution." (ECF No. 33, ¶ 212.) Plaintiffs further seek a declaration that the DMHC's enforcement actions of California's balance billing prohibition (including enforcement actions that were the subject of Martello's prior

17

DMHC Matter Number: 19-1249                                         Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

lawsuits, or which Way and Marcus did not appeal) "violate the Due Process
Clause, the Equal Protection Clause, Section 1983, Section 1557 of the
Affordable Care Act and ERISA." (ECF No. 33, ¶¶212, 213.)

      As in Martello's previous lawsuits against the DMHC and Medical Board,
the Plaintiffs seek "a mere revision of errors and irregularities, or of the legality
and correctness. . . ." of the state court judgments, rather than an "investigation
of a new case arising upon new facts." See <u>McKay v. Pheil</u>, 827 F.2d 540, 545
(9th Cir. 1987) (quoting <u>Barrow v. Hunton</u>, 99 U.S. (9 Otto) 80, 83 (1878).
Plaintiffs did not plead a new set of facts. Instead, all facts pleaded, stem from
Defendants' enforcement actions against Plaintiffs, which Plaintiffs have already
had the opportunity to challenge. Plaintiffs' claims have already been resolved in
California's courts, and cannot be reviewed by a federal court of original
jurisdiction.

      Plaintiffs' contention that they do not seek to challenge prior judgments
against them is not determinative of the nature of the relief they seek. (ECF No.
33, ¶100). Plaintiffs request the Court now revisit how the Defendants conducted
their enforcement actions and complain of the prior enforcement actions as
"injuries" to Plaintiffs. (ECF No. 33.) It would not be possible to rule that Martello
may balance bill, without overturning the permanent injunction issued by the Los
Angeles Superior Court, prohibiting her from balance billing, entirely.

      To the extent Plaintiffs Martello and Way seek to challenge the DMHC's
prior civil actions against them to enforce California's balance billing prohibition,
as discriminatory or as violations of Equal Protection Clause of the United States
Constitution, based on their protected status as being Hispanic and female, the
District Court lacks subject matter jurisdiction to reconsider any state court
actions. These claims must likewise be dismissed based on Federal Rules of
Civil Procedure, Rule 12(b)(1).

/ / /

/ / /

/ / /

DMHC Matter Number: 19-1249           Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

**D. The Court lacks subject matter jurisdiction because Plaintiffs fail to
adequately allege the existence of a federal question under 28
U.S.C. § 1331.**

The existence of federal jurisdiction must be disclosed in the first complaint
filed, rather than by some later amendment: "[A] district court is powerless to
grant leave to amend when it lacks jurisdiction over the original complaint."
Morongo Band of Mission Indians v. California State Board of Equalization, 858
F.2d 1376, 1380, fn. 2 (9th Cir. 1988). Section 1331 of the United States Code,
confers upon district courts general "federal question" jurisdiction. To "merely
arise under" federal law (as required by Article III, § 2 of the Constitution) is
insufficient to satisfy the requirement of a "substantial" question of federal law.
Verlinden B.V. v. Central Bank of Nigeria 461 U.S. 480, 495, 103 S.Ct. 1962,
1971 (1983.) To establish federal question jurisdiction, a plaintiff must allege a
specific federal statute that confers jurisdiction over the plaintiff's claims in that
case. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee 456
U.S. 694 (1982), 701; 102 S.Ct. 2099, 2104; 72 L.Ed.2d 492.

The SAC is based on the legal theory that California's ban on balance
billing violates the Supremacy Clause by and through the PPACA's and the
ERISA's preemption provisions. Even if Plaintiffs had successfully pled a federal
question, the PPACA and the ERISA confer no private rights of action remotely
applicable to the SAC.

**1. The Court lacks subject matter jurisdiction because the
Supremacy Clause of the U.S. Constitution does not confer an
individual right of action.**

The Supremacy Clause of the United States Constitution confers no
individual right of action. Although the Supremacy Clause instructs courts on how
to proceed with state and federal conflicts of law, the Supremacy Clause does
not confer any rights or create a cause of action. Armstrong v. Exceptional Child
Ctr., Inc., 575 U.S. 320, 325, 135 S. Ct. 1378, 1386 (2015). Because the
Supremacy Clause does not confer on Plaintiffs any statutory right of action,

19

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

Plaintiffs cannot assert a right of action under this authority. Plaintiffs do not rely on any federal statute or other provision of federal law that establishes a cause of action to assert a preemption challenge. Thus, this court does not have subject matter jurisdiction to review the claims.

### 2. The PPACA does not confer an individual right of action related to preemption or balance billing.

There is no individual cause of action conferred under the PPACA (P.L. 111-148) under which Plaintiffs may state a claim against the State of California for enforcing its balance billing prohibition. Although Section 1557 of the PPACA (42 U.S.C. § 18116) permits an individual to bring an action for sex discrimination against a health program or activity, such as a health plan, there is no language in Section 1557, that provides a vehicle for a health care provider to sue a state for an alleged violation of the PPACA, as Plaintiffs have done here. Thus, Plaintiffs lack standing to bring their claims for relief which allege a violation of the PPACA.

### E. The Eleventh Amendment bars any request for relief other than prospective declaratory or injunctive relief.

To the extent Plaintiffs seek any relief other than prospective declaratory or injunctive relief for alleged violations of federal law, such claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits federal jurisdiction over claims against a state, unless the state has consented to suit, or Congress has abrogated its immunity. Kimel v. Florida Board of Regents, 528 U.S. 62, 72-73 (2000); Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.1995) (citation omitted); see also Pennhurst, 465 U.S. at 100 (Eleventh Amendment immunity applies to both states and their agencies or departments, and "regardless of the nature of the relief sought").

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

A state's immunity under the Eleventh Amendment extends to state officers
acting on behalf of the state. <u>Puerto Rico Aqueduct and Sewer Authority v.
Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146 (1993). A suit against a state official in
his or her official capacity, as in this case, is not a suit against the official but
rather is a suit against the official's office; as such, it is no different from a suit
against the state itself. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71
(1989).

Plaintiffs state that they seek injunctive and declaratory relief, and associated
attorney's fees. (ECF No. 33 [SAC], pp. 62, 66 and 67.) To the extent the SAC
can be read in a fashion to seek any other kind of relief (such as to overturn state
court judgments), the Eleventh Amendment acts as a complete bar.

## F. Plaintiffs failed to state a claim because the PPACA does not ban states from prohibiting balance billing.

Plaintiffs' claims are subject to dismissal because the PPACA does not
preempt California's balance billing prohibition. Even where a case was
dismissed improperly, based on subject matter jurisdiction, the dismissal may still
be affirmed, where the decision is proper as a matter of law or where the
decision is correct under any ground that has support in the record. <u>Johnson v.
Riverside Healthcare System, L.P.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008). Even if
jurisdiction was appropriate in this matter, this case should still be dismissed
because the SAC fails to state facts showing that Plaintiffs are entitled to the
requested relief. California's prohibition against balance billing is entirely
compatible with, and supported by PPACA, and as such is not preempted.
Plaintiffs' claims of preemption thus fail as a matter of law.

### 1. Preemption only occurs where Congress intended preemption to occur.

To determine whether a substantive state law is preempted by federal law
by virtue of the Supremacy Clause, courts ask whether Congress intended that
federal law to supersede the state law at issue. <u>New York State Conference of
Blue Cross & Blue Shield Plans v. Travelers Ins. Co</u>., 514 U.S. 645, 655 (1995).

DMHC Matter Number: 19-1249                          Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

There is a presumption against preemption of state laws dealing with subject matter traditionally governed by state law. Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996). "Under the Constitution, the federal government has the power to regulate insurance as part of interstate commerce. It has, however, expressly declined to exercise that power and has left such regulation to the states." American Reinsurance Co. v. Insurance Commissioner of the State of Cal., 527 F.Supp 444, 450 (C.D. Cal. 1981)(internal citations omitted); McCarran-Ferguson Insurance Regulation Act, 15 U.S.C., §§ 1011 to 1015.) Thus, the regulation of health insurers and managed care plans is an important state interest, traditionally regulated by the states. Therefore, when considering preemption, courts first recognize the vast power of the states in legislating in the field of health insurance, and second, that such state power should only be preempted by a clear statement of Congressional intent to preempt the state law. Medtronic, Inc. v. Lohr, supra, 518 U.S. 470, at 471.

Congressional intent to preempt state law may be express, implied, or the state law may conflict with the federal law so that coexistence is not possible. A state law may be preempted to the extent that Congress has expressly stated its intent to supersede state law. Arizona v. United States, 567 U.S. 387, 132 S.Ct. 2492, 2500-2501 (2012). Even if a federal statute does not expressly preempt state law, it may do so impliedly where the federal statute regulates a field that Congress intended to be occupied exclusively by the federal government. Id. at 2501. Conflict preemption exists where it is impossible for a party to comply with both state and federal requirements. Freightliner Corp. v. Myrick, 514 U.S. 280, 287 (1995). California's prohibition on balance billing is not preempted under any of these three theories.

### 2. PPACA does not preempt California's prohibition on balance billing.

Preemption may only occur where Congress intended to preempt state law, either expressly, impliedly, or the state law simply conflicts with federal law in a way that both cannot coexist. Here, Congress stated expressly and

22

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

unambiguously that the PPACA was not intended to preempt state regulatory authority and the PPACA's implementing regulations expressly allow the states to prohibit balance billing for emergency services. Because Congress did not intend the PPACA to preempt state law regarding balance billing, Plaintiffs failed to state a cognizable claim.

### a. Congress stated expressly that PPACA is not intended to preempt state regulatory authority.

In enacting the PPACA, Congress intended to preempt state regulatory authority only in very limited circumstances. Section 18041(d) of 42 U.S.C. states:

> **No interference with state regulatory authority**
>
> Nothing in this title shall be construed to preempt any State law that does not prevent the application of the provisions of this title.

Where Congressional intent is clear, a court need not look any further. <u>Epic Systems Corp. v. Lewis</u>,138 S.Ct. 1612, 1630 (2018), citing <u>Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842 (1984).

Section 18041(d) of 42 U.S.C. states unambiguously that Congress did not intend to preempt state law, unless a state law prevents the application of the PPACA. Because the PPACA contains no language requiring providers to balance bill enrollees, California's balance billing prohibition neither prevents, nor interferes with the application of the PPACA. Absent clear language of Congressional intent to preempt state regulatory authority in this area, there is no preemption of the state law.

### b. The federal regulations implementing PPACA expressly permit the states to prohibit balance billing.

Even if the language of the PPACA did not address preemption, PPACA's implementing regulations expressly permit the states to enact their own balance billing prohibitions. (See 80 Fed. Reg. 72,213 (Nov. 18, 2015) (Regulations).

/ / /

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

1
2
3
4
5
6
7
8

"The regulations <u>do not preempt</u> existing State consumer protection laws and <u>do not prohibit States from enacting new laws with respect to balance billing</u> that would provide consumer protections at least as strong as the Federal statute." The Final Rules for Grandfathered Plans, Preexisting Condition Exclusions, Lifetime and Annual Limits, Rescissions, Dependent Coverage, Appeals, and Patient Protections Under the Affordable Care Act, 80 FR 72192-01, adopted Nov. 18, 2015 (emphasis added.) Thus, the Regulations implement Congressional intent to create a floor for consumer protection, rather than a ceiling. <u>Id</u>.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Moreover, administrative implementation of a particular statutory provision qualifies for <u>Chevron</u> deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority. <u>U.S. v. Mead Corp.</u>, 533 U.S. 218, 226-227, 121 S.Ct 2164 (2001). Delegation of such authority may be shown in a variety of ways, as by an agency's power to engage in adjudication or notice-and-comment rulemaking, or by some other indication of a comparable congressional intent. <u>Id</u>. at 227. Here, the Regulations were promulgated pursuant to the authority delegated to the federal Department of Health and Human Services by Congress. 42 U.S.C., § 300gg-92; 80 FR 72237. Thus, since the federal agency responsible for implementing the PPACA has interpreted the act to expressly permit states to prohibit balance billing, California, and other states,[3] may enact, and may continue to enforce balance billing prohibitions for emergency services. This is consistent with the PPACA's statement of intent not to preempt state regulation. / / /

24
25
26
27
28

---

[3] California is not alone in the prohibition of balance billing for emergency services. See Connecticut General Statutes Annotated, § 20-7f, subd. (b); Florida Statutes Annotated, § 627.64194, subd. (5); Illinois Compiled Statutes, Chapter 215, § 134/65, subd. (g); New Hampshire Rev. Stat. § 329:31-b, I; New Jersey Statutes, § 26:2SS-7, subd. (a); New York Financial Services Law, § 602, subd. (b)(2); Oregon Revised Statutes, § 743B.287(2).

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

### 3. Because Plaintiffs' PPACA preemption theory fails as a matter of law, Plaintiffs have failed to state a claim to which relief can be granted.

Plaintiffs have failed to state a cognizable claim for federal preemption. The express language of the PPACA and its implementing regulations show that Congress did not intend to preempt states, including California, from enacting balance billing prohibitions. This language indicates that Congress actually intended to permit states to enact balance billing prohibitions, as multiple states have done. Because Congress did not intend for the PPACA to preempt state laws prohibiting balance billing, Plaintiffs' preemption theories fail as a matter of law. Unable to allege preemption, Plaintiffs cannot allege a cognizable claim to which relief may be granted, and thus, the SAC should be dismissed in accordance with Federal Rule of Civil Procedure, Rule 12(b)(6).

### G. Even if this Court had subject matter jurisdiction over Plaintiffs Martello and Way's equal protection claims, Plaintiffs failed to state a claim of discriminatory enforcement.

Even if the District Court was not a "court of original jurisdiction" and did not lack subject matter jurisdiction over Martello and Way's equal protection claim, Martello and Way have still failed to state a claim for equal protection because they have not alleged any facts showing intent to discriminate against a particular protected status, a pattern or practice or practice, or knowledge of Martello and Way's protected status.

In order to adequately plead a 42 U.S.C. § 1983 claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001) (citation omitted). A plaintiff must allege facts which would tend to show a true pattern or practice of discrimination on the part of defendants. The Committee Concerning Community Improvement v. City of Modesto, 583 F.3d 690, 703 (9th Cir. 2009).

---

DMHC Matter Number: 19-1249                                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

To plead an Equal protection claim for selective enforcement, Plaintiffs must allege facts showing the "'enforcement had a discriminatory effect and that the [government] was motivated by a discriminatory purpose.'" Lacey v. Maricopa Cty., 693 F.3d 896, 920-21 (9th Cir. 2012) (quoting Rosenbaum v. City & Cty. of S.F., 484 F.3d 1142, 1152 (9th Cir. 2007). Merely alleging that a defendant's alleged impermissible selective prosecution applied to a member of a protected class is insufficient to allege a pattern or practice. To establish an impermissible selective prosecution claim, the Plaintiffs must plead that (1) others similarly situated have not been prosecuted; and (2) the prosecution was based on an impermissible motive. Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995). Plaintiffs must allege facts to identify a "similarly situated" class so "to isolate the factor allegedly subject to impermissible discrimination. Id. "Discrimination cannot exist in a vacuum; it can be found only in the unequal treatment of people in similar circumstances." Attorney General v. Irish People, Inc., 684 F.2d 928, 946 (D.C.Cir.1982) cert. denied, 459 U.S. 1172, 103 S.Ct. 817, 74 L.Ed.2d 1015 (1983). "The similarly situated group is the control group." United States v. Aguilar, 883 F.2d 662, 706 (9th Cir. 1989), cert denied, 498 U.S. 1046, 111 S.Ct. 751 (1991).

Here, Plaintiffs consider as the similarly situated group, the entities who received cease and desist orders for balance billing, but unlike Plaintiffs, were not sued[4]. Plaintiffs mistake the class of persons similarly situated. Plaintiffs allege that what Martello and Way have in common, is that they balance billed health plan enrollees for emergency services – a fact they share with the other providers[5] who were served by the DMHC with a cease and desist order

---

[4] However, facts judicially noticeable demonstrate that the DMHC has sued other entities, including Prime Healthcare Services Inc., regarding wrongful balance billing. (RFJN, Ex. 21.)

[5] Plaintiffs' suggestion in paragraph 172, that the DMHC has not enforced its balance billing prohibition against two health plans, Anthem Blue Cross and Cigna, is a non sequitur because health plans pay for emergency services, rather

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

regarding unlawful balance billing (including Plaintiff Marcus)—but rather what they have in common, is that Way and Martello, unlike other balance billing providers, were sued by the DMHC, not just for balance billing, but for refusing to comply with the DMHC's cease and desist orders. (RFJN, Ex. 1, p. 5; RFJN, Ex. 17, pp.8-9.) Further, the SAC fails to consider the identities of all persons or entities sued by the DMHC, especially those sued for violating cease and desist orders, such as in the cases of The People of the State of California v. Prime Healthcare Services, Inc., et al. (see RFJN Ex. 21) (sued for violating cease and desist order for wrongful balance billing) and California Department of Managed Health Care v. Kaiser Foundation Health Plan, Inc., presently pending in Alameda County Superior Court (Action No. RG19029096), where the first cause of action was for "Injunctive Relief Ordering Strict Compliance with the Department's First Amended Cease and Desist Order." (RFJN, Ex. 22, p.7.)

Thus, the proper class of similarly situated persons is those who were served with a balance billing cease and desist order, and who then failed to obey that order. In this case, judicially noticeable facts found on the civil complaints filed against Martello and Way, clearly show allegations that they were sued for violating cease and desist orders. (RFJN, Ex. 1, p. 5; RFJN, Ex. 17, pp.8-9.) The DMHC's use of civil courts to enforce an order of the DMHC is specifically authorized by the California Legislature. Health & Saf. Code, § 1387. There are no facts in the record to indicate that Marcus (or any other person or entity) disobeyed the DMHC's cease and desist order, or that he was sued in civil court to enforce that order against him.

Plaintiffs have not alleged any facts to show that the DMHC was aware of Martello and Way's membership in a protected class. Plaintiffs have not alleged any facts to show any intent to discriminate on the part of the DMHC. Plaintiffs have not alleged any facts showing any pattern or practice of discrimination by

than provide emergency services. Thus, health plans cannot balance bill for emergency services.

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

the DMHC. The pleadings merely allege that the DMHC instituted two actions against two Hispanic women.

Plaintiffs' own pleadings call into question the validity of these pleadings, by the fact that the SAC names multiple other parties (including Plaintiff Marcus), none of whom are alleged to be Hispanic female physicians (in fact, the eight other entities mentioned in the SAC as subjects of DMHC enforcement actions for balance billing, are business entities, which by definition, cannot belong to a particular protected class) involved in enforcement actions with the DMHC for balance billing. (ECF, No. 33 [SAC], ¶173.) Plaintiffs allege that the DMHC did not take enforcement action against two health plans (Anthem Blue Cross and Cigna), but California's balance billing prohibition applies to providers who bill for emergency services, not health plans (such as HMOs and PPOs) who typically pay for, rather than provide, emergency services. (ECF, No. 33 [SAC], ¶172). Further, judicially noticeable facts show that the DMHC has sued another party, an entity defendant, that was not a member of the same protected class as Plaintiffs. (RFJN, Ex. 21.)

Plaintiffs have not alleged facts sufficient to state a cognizable legal claim. Plaintiffs thus failed to state a 42 U.S.C. § 1983 claim for an Equal Protection Clause violation, to which relief can be granted.

### H. Even if this Court had subject matter jurisdiction over Plaintiffs' claims, all of Martello's claims for relief are time barred.

The Ninth Circuit held that the statute of limitations period for actions brought pursuant to Title 42, United States Code, section 1983 (42 U.S.C., § 1983) is the two-year period found in California Code of Civil Procedure section 335.1. <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132 (2007). Here, Plaintiffs cite to 42 U.S.C., § 1983 as the authority for their claims for relief. (ECF, No. 33 [SAC], ¶¶ 22, 170, 213.) In their request for declaratory relief regarding their due process, equal protection, PPACA and ERISA claims for relief, Plaintiffs specifically cite to 42 U.S.C., § 1983. (ECF SAC, ¶ 213.)

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

"A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.' [Citation.] . . . Federal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run. [Citation] Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. [Citation.] . . . A federal claim accrues when a party knows or has reason to know of the injury that is the basis for the action." <u>Pouncil v. Tilton</u>, 704 F3d 568, 573-574 (9th Cir. 2016) (internal citations omitted).

Plaintiffs allege repeatedly that their rights were initially violated by the Department's issuing of a cease and desist order against each of them. (ECF, No. 33 [SAC], ¶¶ 23, 47, 54, 60-73, 90-91,156, 164, 167.) Thus, by their own admission, they knew of their alleged injuries on the date that those orders were issued against them. Therefore, their claims accrued on those dates. <u>Pouncil v. Tilton</u>, 704 F3d 568, 573-574 (9th Cir. 2016).

On December 30, 2010, the Department issued a cease and desist order against Plaintiff Martello regarding her unlawful balance billing. (ECF, No. 33 [SAC], ¶ 39; RFJN, Ex. 15, pp. 1, 10.) On February 5, 2018, the Department issued a cease and desist order against Plaintiff Way regarding her unlawful balance billing. (RFJN, Ex. 17, pp. 14, 21). On May 22, 2018, the Department issued a cease and desist order against Plaintiff Marcus regarding his unlawful balance billing. (RFJN, Ex. 20, pp. 1, 6.) Since the original complaint in this matter was filed with the Court on September 17, 2019, the statute of limitations ran on Plaintiff Martello's claims before the first complaint was filed in this case.

**I.  Plaintiffs cannot allege facts showing that Plaintiffs are entitled to relief because ERISA does not preempt states from prohibiting balance billing.**

California's balance billing prohibition is not preempted by the ERISA. California's balance billing prohibition falls squarely within the ERISA § 514(b)

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

(codified at 29 U.S.C., § 1144(b)) savings clause. Plaintiffs have thus failed to allege an ERISA preemption claim to which relief may be granted.

Although the ERISA includes a broad preemption section, an exception to preemption known as "the savings clause" applies to state laws that "regulate insurance." 29 U.S.C. § 1144(b)(2)(A). ERISA's express preemption provision, § 514(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…" 29 U.S.C. § 1144(a). In analyzing preemption issues under § 514(a), a state law claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Sarkisyan v. CIGNA Healthcare of Cal. 613 F.Supp.2d 1199, 1204 (C.D.Cal.2009). However, the ERISA contains an express exception to this blanket provision in § 514(b), which is known as "the savings clause." 29 U.S.C. § 1144(b)(2)(A). The savings clause states that "law[s] … which regulate insurance, banking, or securities" are saved from ERISA preemption. Id.; see also Aetna Health Inc. v. Davila 542 U.S. 200, 217, 124 S.Ct. 2488 (2004).

The ERISA preemption analysis next turns on whether the state law at issue can be considered a "law which regulates insurance," which must be "specifically directed toward entities engaged in insurance" and must "substantially affect the risk pooling arrangement between the insurer and the insured…." Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 342, 123 S.Ct. 1471(2003).

California's Knox-Keene Health Care Service Plan Act of 1975 (Health & Saf. Code, § 1340 et seq.) (Knox-Keene Act) is a comprehensive system of licensing and regulation of the managed health care industry in California. Health & Saf. Code, §§ 1341, subd. (a), 1342, 1343; Prospect Med. Grp. v. Northridge Emergency Med. Grp., 45 Cal.4th 497, 504, 87 Cal.Rptr.3d 299 (2009). California's prohibition against balance billing of health care service plan enrollees for emergency care is found in Prospect Med. Grp. v. Northridge Emergency Med. Grp., 45 Cal.4th 497 (2009) where the Supreme Court of California interpreted the Knox-Keene Act's statutory scheme to conclude that

DMHC Matter Number: 19-1249                          Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

"doctors may not bill a patient for emergency services that the HMO is obligated to pay. Balance billing is not permitted." Id. at 507.California's balance billing prohibition is a "law which regulates insurance," because the Knox-Keene Act is "specifically directed toward" the managed health care industry – health plans must comply with, and be licensed pursuant to, the Knox-Keene Act in order to do business in California. (Health & Saf. Code, §§ 1343, subd. (a), 1349.) Thus, the first part of the test under ERISA § 514(a) is satisfied. However, under the second part of the test, the ERISA § 514(b) savings clause applies because California Health and Safety Code section 1375.1, subdivision (a)(2), requires licensed health plans to assume full financial risk on a prospective basis for the provision of covered health care services.

Even if the Knox-Keene Act's prohibition on balance billing for emergency services relates to a fully-insured ERISA plan,[6] the savings clause applies because the Knox-Keene Act regulates health insurance. Of note, the United States District Court for the Southern District of California reached an identical conclusion regarding the ERISA and the Knox-Keene Act. See Clark v. Group Hospitalization and Medical Services, Inc., 2010 WL 5093629, (S.D. Cal., Dec. 7, 2010, No. 10-CV-333-BEN BLM.) Thus, California's balance billing prohibition is not subject to ERISA's § 514(a) preemption. Because ERISA does not preempt California's balance billing prohibition, Plaintiffs have failed to state a cognizable claim to which any relief may be granted under ERISA.

/ / /

/ / /

/ / /

---

[6]. ERISA preempts the Knox-Keene Act for self-funded employee benefit plans and such plans are not licensed under the Knox-Keene Act. FMC Corp. v. Holliday, 498 U.S. 52, 61 (1990). California's balance billing prohibition only protects enrollees of health care service plans licensed under the Knox-Keene Act. Prospect Med. Grp. v. Northridge Emergency Med. Grp., 45 Cal.4th 497, 504. (2009). ERISA does not preempt fully-insured ERISA plans from regulation under the Knox-Keene Act. FMC Corp. v. Holliday, 498 U.S. 52, 61 (1990).

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

**J. Plaintiffs failed to state a claim under the First Amendment, because as a matter of law, the First Amendment does not protect illegal balance-billing practices.**

Plaintiffs have failed to state a claim for a First Amendment violation, because the illegal balance billing is not protected speech under the First Amendment.

A violation of the freedom of speech does not occur merely because "the conduct was in part initiated, evidenced or carried out by means of language, either spoken, written or printed." <u>Cox v. State of Louisiana</u>, 379 U.S. 536, 555 (1965). States do not lose their power to "regulate commercial activity deemed harmful to the public merely because speech is a component of that activity." <u>IDK, Inc. v. County of Clark</u>, 836 F.2d 1185, 1194 (9th Cir. 1988).

Illegal balance billing practices are not protected commercial speech. Although some commercial speech may be protected speech, "[t]he State may deal effectively with false, deceptive, or misleading sales techniques." <u>Bolger v. Youngs Drug Prod. Corp.</u>, 463 U.S. 60, 69, 103 S. Ct. 2875, 2881, 77 L. Ed. 2d 469 (1983), citing <u>Virginia Pharmacy Board v. Virginia Consumer Council</u>, 425 U.S. 748 at 771-772, 96 S.Ct. 1817, at 1830-1831. The State may also prohibit commercial speech related to illegal behavior. <u>Id.</u>, citing <u>Pittsburgh Press Co. v. Human Relations Comm'n</u>, 413 U.S. 376, at 388, 93 S.Ct., at 2560. Commercial speech is afforded a less exacting standard than other speech, such as political, religious or literary. U.S. Const. Amend. 1; <u>Nationwide Biweekly Admin., Inc. v. Owen</u>, 873 F.3d 716, 731 (9th Cir. 2017). The Supreme Court's decisions recognize "the 'commonsense' distinction between speech proposing a commercial transaction, which occurs in an area traditionally subject to government regulation, and other varieties of speech." <u>Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York</u>, 447 U.S. 557, 562, 100 S. Ct. 2343, 2349, 65 L. Ed. 2d 341 (1980), quoting <u>Ohralik v. Ohio State Bar Assn.</u>, 436 U.S. 447, 455–456, 98 S.Ct. 1912, 1918, 56 L.Ed.2d 444 (1978.)

In California, the act of balance billing a California health plan enrollee, for emergency services, is illegal. <u>Prospect Medical Group, Inc. v. Northridge</u>

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

Emergency Medical Group, 45 Cal.4th 497, 502 (2009.) The act of billing may involve speech, and may be "commercial," but as a matter of law, illegal balance billing is not protected speech. Because Plaintiffs have failed to state a claim for a First Amendment violation, the 12(b)(6) motion must be granted as to "Count I."

**K. Plaintiffs have failed to state a claim for a Due Process violation.**

The DMHC's 12(b)(6) motion should be granted regarding Plaintiffs' "Count II," because Plaintiffs have not, and cannot state a claim for a due process violation. Plaintiffs allege that the DMHC's acts of issuing Cease and Desist Orders against Plaintiffs violate Plaintiffs' "protected liberty interest in their names and reputations," because these orders remain in force and are published on the DMHC's public website. (ECF No. 33, pp.47-48.)

A personal interest in one's good name or reputation is neither a liberty or property interest guaranteed against state deprivation without the due process of law. Paul v. Davis, 424 U.S. 693, 712 (1976). Further, Plaintiffs had a due process right to challenge the DMHC's cease and desist orders, by requesting a due process hearing from the DMHC, and petitioning the court for review of the administrative decision. (Cal. Health & Saf. Code, § 1391, subd. (a)(2); Cal. Code Civ. Proc. § 1094.5. Defendants neither can, nor do allege that they availed themselves of, or exhausted these due process rights.

In the case of Martello, the DMHC's Cease and Desist Order became final when she did not timely contest it, in accordance with California Health and Safety Code section 1391, subdivision (a)(2). Nor did Martello seek administrative mandate from the Superior Court for the Cease and Desist Order. (Cal. Code of Civ. Proc, § 1094.5). The DMHC later sued her to enforce the Cease and Desist Order, and Martello lost before the Superior Court, the California Court of Appeals, and the California Supreme Court refused her request to hear the case. (RFJN, Ex. 2-5.)

Plaintiffs have not stated a valid claim for a due process violation, because the purported injury to their reputations is not protected by due process. Further, even if injury to their reputation was protected, all Defendants were afforded due

DMHC Matter Number: 19-1249                          Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support

process, which they failed to avail themselves of at all. Leave to amend should not be given, because there is no set of facts the Plaintiffs can plead to show they were denied their due process rights. Thus, Defendants' 12(b)(6) should be granted as to Count II, for failure to plead a claim to which relief can be granted.

## V.    CONCLUSION

This case should be dismissed in its entirety, with prejudice, because Plaintiffs should not be allowed to re-litigate or challenge prior state court and federal court actions in the Central District. Neither the PPACA, nor the ERISA preempt California's balance billing prohibition. Plaintiffs lack any right of individual action under these statutes or the Supremacy Clause. Because this Court lacks subject matter jurisdiction over each claim alleged by Plaintiffs, this case must be dismissed pursuant to Federal Rule of Civil Procedure, 12(b)(1). Because Plaintiffs have failed to state a claim to which relief may be granted, this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The DMHC respectfully requests this Court dismiss this action in its entirety with prejudice.

Respectfully submitted:

> JAMES C. HAIGH
> Acting Deputy Director | Chief Counsel
> Office of Enforcement

Dated: March 19, 2020          By:    /s/_____

> Heather R. Messenger
> Attorney III
> Office of Enforcement
> Department of Managed Health Care
> Attorneys for Defendants

DMHC Matter Number: 19-1249                    Document Number: 305108_3
Defendant Rouillard's Notice of Motion/Motion to Dismiss Second Amended Complaint;
Memorandum of P&A's In Support